UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

DUANE KNOX,

    Plaintiff,

V.                                                                                          05-CV-3122

COOK COUNTY CIRCUIT COURT,
JUDGE MARJORIE C. LAWS,

    Defendants.

### Order

The plaintiff, currently incarcerated in Hill Correctional Center, filed this lawsuit pursuant to 42 U.S.C. § 1983. He says he is being falsely imprisoned because defendant Judge Laws sentenced him without knowledge of the true facts of the criminal allegations against him (involuntary manslaughter and aggravated battery of a child). He alleges that the experts presented conflicting reports, casting doubt on the validity of his conviction and sentence.

The plaintiff's § 1983 suit must be dismissed, because he cannot challenge the validity of his conviction or sentencing in a § 1983 action. Prisoners "challeng[ing] the fact or duration of their confinement and seek[ing] immediate or speedier release" must pursue their challenge under the habeas statute (if it can be pursued at all), not § 1983. *DeWalt v. Carter*, 224 F.3d 607, 614 (7th Cir. 2000). It is not appropriate for the court to convert this § 1983 action into a habeas corpus action, because of their different requirements and consequences. *See Moore v. Pemberton*, 110 F.3d 22, 23-34 (7th Cir. 1997)(discussing differences in actions); *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). *Copus v. City of Edgerton*, 96 f.3d 1038, 1039 (7th Cir. 1996).

The court must dismiss this case without prejudice because it was filed under the wrong "legal label." *See Glaus v. Anderson*, 2005 WL 1163673 *6 (7th Cir. 2005). The court is not deciding the merits of the case. "Without prejudice" means that the prisoner may refile his case immediately as a habeas corpus action under 28 U.S.C. § 2254, subject to the rules and limitations of those proceedings. The court expressly states no opinion on the potential merits of a habeas corpus petition by the plaintiff.

The plaintiff should carefully consider the consequences and requirements of filing a habeas corpus action before doing so. For example, habeas corpus actions have strict time limits and require exhaustion of state remedies. 28 U.S.C. § 2254(b)(1).[1] Additionally, prisoners are, for the most part, limited to bringing one habeas corpus petition. *See* Rule 9 governing 28 U.S.C. § 2254 cases; *Pischke v. Litscher*, 178 F.3d at 500. If the first petition is denied, second or successive petitions are not allowed except under very limited circumstances. *See* 28 U.S.C. § 2244(b)(2). Further, to succeed on the merits the plaintiff must show that the state's decision was "contrary to, or involved

---

[1]There is no information in the record of the state proceedings in the criminal trial or sentencing.

an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Schaff v. Snyder*, 190 F.3d 513 (7th Cir. 1999).

IT IS THEREFORE ORDERED: Pursuant to 28 U.S.C. Section 1915A, the plaintiff's complaint is dismissed, without prejudice, as barred by *Heck v. Humphrey*, 512 U.S. 477, 484-487 (1994), and progeny. The Merit Review Hearing scheduled for June 14, 2005 at 9:00 a.m. is cancelled. All pending motions are denied as moot; this case is terminated.

Entered: This  2nd  Day of June, 2005.

s\**Harold A. Baker**

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE